UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Olandio Ray Workman, | ) | Civil Action No.: 6:17-cv-02832-RBH |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| John Vandermosten, NFN Bodiford, | ) | |
| John Couch, and Greenville County Council, | ) | |
| Defendants. | ) | |

Plaintiff Olandio Ray Workman, a state pretrial detainee proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. The matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends summarily dismissing this action without prejudice.[1] *See* ECF Nos. 13 & 15.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff, presently detained at the Greenville County Detention Center on state charges,[3] filed a § 1983 complaint alleging he "was standing up reading my law book" when Defendant John Couch (who appears to be an officer at the jail) called him by a racial slur and told him to "sit down and shut up before I kill you." ECF No. 1 at pp. 5–6. Besides Couch, Plaintiff has named John Vandermosten, NFN Bodiford, and the Greenville County Council as defendants. *Id.* at pp. 1–3. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint because it (1) fails to state a First Amendment retaliation claim and (2) fails to provide sufficient factual allegations subjecting Defendants Vandermosten, Bodiford, and Greenville County Council to personal or supervisory liability. *See* R & R at pp. 3–5. The Magistrate Judge also notes Defendant Greenville County Council is not a "person" for purposes of 42 U.S.C. § 1983. *Id.* at pp. 4–5 n.1. Plaintiff has filed objections to the R & R. *See*

---

[2] The R & R summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] *See Workman v. Dir. of Greenville Cty. Det. Ctr.*, No. 6:17-cv-03046-RBH-KFM, 2017 WL 8785509, at *2 (D.S.C. Dec. 6, 2017) (summarizing Plaintiff's five pending state charges), *adopted by*, 2018 WL 1730948 (D.S.C. Apr. 10, 2018). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

2

Pl.'s Objs. [ECF No. 15].

First, Plaintiff objects to the dismissal of Defendant Greenville County Council. *See* Pl.'s Objs. at pp. 1–2, 4. However, as the Magistrate Judge found and the Court has previously ruled, "Greenville County Council is not a proper defendant for purposes of § 1983." *Workman v. Vandermosten*, No. 6:17-cv-00766-RBH-KFM, 2017 WL 4776717, at *2 (D.S.C. Oct. 23, 2017), *appeal dismissed*, No. 17-7584, 2018 WL 1603116 (4th Cir. Apr. 3, 2018). *See, e.g.*, *Crouchman v. Pickens Cty. Council*, No. 9:16-cv-00804-CMC, 2017 WL 767185, at *9 (D.S.C. Feb. 3, 2017), *adopted by*, 2017 WL 749393 (D.S.C. Feb. 27, 2017) (finding the Pickens County Council was not a proper § 1983 defendant and explaining a "group of people or use of such collective terms to name a § 1983 defendant has been found improper and inadequate" (internal quotation marks omitted)); *Hodges v. Mayor & City Council of Annapolis*, 2016 WL 4140954, at *3 (D. Md. Aug. 3, 2016) (recognizing "a county council is not *sui juris*"). *See also Dunbar v. Metts*, No. 2:10-cv-01775-HMH-BHH, 2011 WL 1480279, at *5 (D.S.C. Mar. 31, 2011), *adopted by*, 2011 WL 1480096 (D.S.C. Apr. 19, 2011) ("Lexington City Council is not a 'person' and is not responsible for the alleged violations of Plaintiff's rights."); *Smith-Berch, Inc. v. Baltimore Cty.*, 68 F. Supp. 2d 602, 626–27 & n.1 (D. Md. 1999) (finding the Baltimore County Council was not a "person" within the meaning of § 1983).

Additionally, Plaintiff indicates in his objections that he is attempting to assert a municipal liability claim, as he cites cases discussing *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978). *See* Pl.'s Objs. at pp. 1–2. Under *Monell*, "municipalities and other local government units" (such as cities and counties) can be liable under § 1983 if an official policy or custom causes a deprivation of constitutional rights. *See* 436 U.S. at 690–91. However, to the extent Plaintiff has attempted to sue Greenville County, such a claim is foreclosed by the fact "that, under

3

South Carolina law, it is the Sheriff of the County who is responsible for the operation of county detention centers, not the County." *Crouchman*, 2017 WL 767185, at *9 (citing S.C. Code Ann. § 24–5–10). As such, the sheriff of Greenville County—not Greenville County or its individual county council members—is responsible for operating the Greenville County Detention Center where Plaintiff is detained.[4] Plaintiff has made no allegations calling into question the existence and applicability of this state law to his claims. *See Cobb v. South Carolina*, No. 2:13-CV-02370-RMG, 2014 WL 4220423, at *2, 7 (D.S.C. Aug. 25, 2014) (summarizing Fourth Circuit and South Carolina law holding that because the county has no control over the operations or policy of the jail, it cannot be held liable for events that take place there). Accordingly, the Court will dismiss Defendant Greenville County Council.

Second, Plaintiff objects to the dismissal of Defendants Vandermosten and Bodiford. *See* Pl.'s Objs. at pp. 2–4. However, as the Magistrate Judge correctly explains, Plaintiff fails to provide sufficient factual allegations subjecting either defendant to personal or supervisory liability. *See* R & R at pp. 4–5. Accordingly, the Court will dismiss Defendants Vandermosten and Bodiford.

Last, Plaintiff objects to the Magistrate Judge's conclusion that he fails to state a First Amendment retaliation claim. *See* Pl.'s Objs. at pp. 3–4. "In order to state a colorable retaliation claim under Section 1983, a plaintiff must allege that (1) he engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (internal quotation marks and alterations omitted). Although Plaintiff

---

[4] Even if the Greenville County Sheriff had been appropriately named as a defendant, that office would be protected by Eleventh Amendment sovereign immunity from being sued in federal court. *See generally Cromer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996).

4

alleges Defendant Couch called him by a racial slur and threatened to kill him, "mere threats or verbal abuse, without more, do not state a cognizable claim under § 1983." *Wilson v. McKeller*, 254 F. App'x 960, 961 (4th Cir. 2007) (involving a racial slur); *see also Morrison v. Martin*, 755 F. Supp. 683, 687 (E.D.N.C.) ("The law is clear that [m]ere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations."), *aff'd*, 917 F.2d 1302 (4th Cir. 1990). Accordingly, the Court will dismiss Defendant Couch.

Finally, the Court notes that before entering the R & R, the Magistrate Judge issued an order informing Plaintiff that his complaint contained deficiencies that could subject it to summary dismissal, providing him fourteen days to file an amended complaint, and notifying him that failure to file an amended complaint would result in a recommendation of dismissal. See ECF No. 8. However, Plaintiff never filed an amended complaint, and he does not specifically object to the Magistrate Judge's additional recommendation in the R & R that this action be dismissed for failure to comply with a court order. *See* R & R at p. 1. Accordingly, the Court will also dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(b).[5]

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections, adopts the R & R [ECF No.

---

[5] Rule 41(b) authorizes a district court to involuntarily dismiss an action "[i]f the plaintiff fails to . . . comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (explaining Rule 41(b) "gives the district court discretion to" order "a dismissal without prejudice"); *see, e.g.*, *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("[T]he propriety of a dismissal . . . depends on the particular circumstances of the case. Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact . . . ."); *Black Water Marine Explorer LLC v. Unidentified Shipwrecked Vessel or Vessels*, 714 F. App'x 296, 297 (4th Cir. 2018) (favorably citing *Ballard* in a situation where the district court dismissed a case without prejudice pursuant to Rule 41(b)); *Hicks v. Khawaja*, 703 F. App'x 193, 194 (4th Cir. 2017) (affirming the district court's dismissal without prejudice pursuant to Rule 41(b) because the plaintiff failed to comply with a court order).

13], and **DISMISSES** this action *without prejudice and without issuance and service of process*.[6]

    **IT IS SO ORDERED.**

Florence, South Carolina                                             s/ R. Bryan Harwell
April 19, 2018                                                     R. Bryan Harwell
                                                                                                             United States District Judge

---

[6]     As already explained, the Magistrate Judge gave Plaintiff an opportunity to file an amended complaint, but Plaintiff never filed one. Accordingly, the Court is dismissing this case without prejudice. *See, e.g.*, *Grady v. White*, 686 F. App'x 153, 154 n.\* (4th Cir. 2017) ("We do not remand this matter to the district court, though, because the court previously afforded [the plaintiff] the chance to amend his complaint." (citing *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623–24 (4th Cir. 2015), and *Domino Sugar Corp. v. Sugar Workers Local Union 392*, 10 F.3d 1064, 1066–67 (4th Cir. 1993))).